**Marilyn M. NAUMANN, Plaintiff and Appellant,**

v.

**Stanley NAUMANN, Defendant and Appellee.**

Civ. No. 11024.

Supreme Court of North Dakota.

Nov. 21, 1985.

Dwight C.H. Kautzmann, of Bair, Brown & Kautzmann, Mandan, for plaintiff and appellant.

Carma Christensen, of Christensen & Thompson, Bismarck, for defendant and appellee.

GIERKE, Justice.

Appellant Marilyn M. Naumann appeals from a judgment dated May 13, 1985, of the District Court of Emmons County which granted a decree of divorce to Marilyn. Marilyn appeals from that portion of the judgment which awarded custody of the minor child, Derrick, to Stanley Naumann. We affirm.

Marilyn and Stanley were married July 11, 1981. On March 27, 1983, Derrick A. Naumann, their only child, was born.

Derrick resided with Marilyn and Stanley until Marilyn commenced this divorce action on September 12, 1984. After the divorce action began, Derrick lived with Marilyn pursuant to an interim order from the trial court granting her temporary custody. Derrick continued to reside with Marilyn until the divorce was granted on May 13, 1985, at which time the trial court granted Stanley custody of Derrick.

Our review of the findings of fact in a divorce action is limited by Rule 52(a) of the North Dakota Rules of Civil Procedure. Rule 52(a) does not allow reversal unless the trial court is found to be clearly erroneous. A finding of fact is clearly erroneous when, although there is some evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made. *Nastrom v. Nastrom*, 284 N.W.2d 576 (N.D.1979).

The trial court found that the best interests of Derrick would be served by granting custody to Stanley. In Finding of Fact No. 7, the trial court discussed the ten factors listed at § 14–09–06.2 (1–10) of the North Dakota Century Code. The trial court found analysis of six of the ten factors to be inconclusive, finding Marilyn and Stanley to be equally fit to be the custodial parent of Derrick. The analysis of the remaining four factors then formed the basis for the trial court's decision. These four factors are: the desirability of continuing a stable, satisfactory environment; the permanence as a family unit of the proposed custodial home; the moral fitness of the parents; and any other factors considered by the court to be relevant. § 14–09–06.2(4), (5), (6), and (10), N.D.C.C.

As to these four factors the trial court first found that the future of Marilyn is uncertain. Contrarily, Stanley's situation offers more stability and permanence for Derrick. The trial court also concluded that the health problems which Derrick

suffers from can be better handled by Stanley in the home environment that Stanley can provide. The trial court, in evaluating the remaining two factors favored Stanley as custodial parent.

In summary, when many of the considerations as to the best interests of the child are equal and neither parent is deemed to be unfit, the trial court, after viewing all of the evidence must reach a conclusion. The trial court, in the instant case, based on the evidence as it applied to § 14-09-06.2, N.D.C.C., found that the best interests of the child, Derrick, will be served by granting custody to Stanley. After a review of the record, we conclude that this finding of fact is not clearly erroneous. Accordingly, we affirm.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.